UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARNIE CARTER, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>TARGET CORPORATION,<br><br>   Defendant. | Case No. 21-cv-09428-JCS<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND AND TO REMAND TO STATE COURT**<br><br>Re: Dkt. No. 10 |

## I. INTRODUCTION

In this action, Plaintiffs Marnie and Stephen Carter assert claims based on slip and fall accidents that occurred on September 16, 2018 and January 5, 2019 at the Target retail store in Pleasant Hill, California. Plaintiffs initially filed the action in Contra Costa Superior Court, asserting claims of negligence, willful failure to warn, and dangerous condition of public property against Defendant Target Corporation ("Target") and Does 1-50 and served the complaint on Target on November 8, 2021. Target timely removed the action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1441(b). Presently before the Court is Plaintiffs' Motion for Leave to Amend Complaint by Substitution of Parties and Motion for Remand ("Motion"). The Court finds that the Motion is suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Motion is GRANTED.[1]

---

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

On September 15, 2020, Plaintiffs filed a form complaint to initiate this action in Contra Costa Superior Court. In addition to naming Target, Plaintiffs named Doe Defendants 1-25, who are "the agents or employees of other named defendants [who] acted within the scope of that agency or employment"; and Does 26-50, who are "persons whose capacities are unknown" to Plaintiffs. Complaint at 2. Plaintiffs checked boxes indicating that Marnie Carter asserts claims for negligence, willful failure to warn and dangerous condition of public property based on a "Slip and Fall at Target Store located at 560 Contra Costa Blvd, Pleasant Hill, CA94523" on September 16, 2018. *Id.* at 1. Plaintiff Stephen Carter brings a claim for loss of consortium based on the September 16, 2018 slip and fall, and another claim for loss of consortium based an a slip and fall at the same store on January 5, 2019. No facts are alleged in the Complaint about either incident. Nor do Plaintiffs allege any facts relating to any Doe defendant.

Because of Plaintiffs' delay in serving the complaint, the superior court issued an order to show cause ("OSC") why the case should not be dismissed for failure to serve and held a show cause hearing on November 16, 2021. *See* Notice of Removal, attachment; Motion at 2. In the meantime, on November 8, 2021, Plaintiffs served the Complaint on Target. Notice of Removal, attachment. According to Plaintiffs, at the November 16, 2021 OSC hearing, the Court advised them that they needed to provide a Statement of Damages. Motion at 2. They state that "[b]etween the filing of the initial Complaint and the drafting of Plaintiffs' Statement of Damages" they "came by knowledge, that Defendant, JANE DOE, is in fact Kimberly Rose Chatman, a resident of Contra Costa County, California." *Id.* Plaintiffs further represent that they were "working to confer with counsel to determine whether the pleadings needed to be amended to name Kimberly Rose Chatman as the person identified in the Complaint as DOE 1 prior to filing of Plaintiffs' Statement of Damages" when Target removed the case to federal court. *Id.*; *see also* Reply at 6 (rejecting Target's assertion that Chatman is a "sham defendant" and pointing to "the long history of communications between the representatives for both parties and with state Court concerning the nature and timing of Plaintiffs' proposed amendment during earlier proceedings."). Target does not dispute in its Opposition brief that Plaintiffs raised with Defendant's counsel the

1    issue of whether Chatman should be added as a defendant prior to removal of this action to federal
2    court.
3          Target removed this case to federal court under 28 U.S.C. § 1441 on December 6, 2021 on
4    the basis of diversity jurisdiction. It filed an answer to Plaintiffs' complaint on December 10,
5    2021.
6          On February 2, 2022, Plaintiffs brought the instant Motion, asking for leave to amend to
7    substitute a Doe defendant with Kimberly Rose Chatman, a California resident, who they say they
8    have learned was the Store Director at the Pleasant Hill Target where the accident occurred.
9    Target states in its Opposition that Ms. Chatman "not only [was] not the Store Director of the
10   subject store at the time of either of the incidents giving rise to the subject incident, but she is also
11   not even listed as an employee on the store roster at the time of either of the incidents."
12   Opposition at 4. It does not supply a declaration or any other evidence in support of that assertion,
13   however. Plaintiffs responded by supplying what purports to be a LinkedIn profile of Kimberly
14   Chatman stating that she has been a Target Store Direct from 2017 to the present, as well as a
15   resume from the LinkedIn page reflecting that she has been employed by a Target store in Pleasant
16   Hill since 2014. Reply, Ex. A.
17         Defendants oppose Plaintiffs' request to amend the complaint to add Chatman as a
18   defendant, arguing that Chatman is a "sham" defendant that Plaintiffs seek to fraudulently join to
19   destroy diversity jurisdiction. Opposition at 1, 3. They argue that the request to amend should be
20   denied because: 1) Plaintiffs have not stated a claim against Chatman (both due to the absence of
21   any factual allegations about Chatman and because she was not, according to Target, the store
22   director during the relevant time period); 2) Chatman is not needed for "just adjudication" of
23   Plaintiffs' claims because, to the extent her liability is predicated on her position as store director,
24   Target will be vicariously liable for her conduct; 3) any claims Plaintiffs seek to assert against
25   Chatman can be asserted in state court and will be timely under the "relation-back" doctrine; and
26   4) there is an unexplained delay in making the request to amend. *Id. Id*. at 3-5. Target further
27   asserts that Plaintiffs seek to add Chatman solely to defeat federal jurisdiction and contends they
28   will not be prejudiced if the request is denied. *Id.* at 6.

### III. ANALYSIS

Where a case has been removed from state court on the basis of diversity, "the district court has two options in dealing with an attempt to join a non-diverse party." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In particular, 28 U.S.C. § 1447(e) provides that under these circumstances, "the court may deny joinder, or permit joinder and remand the action to the State court." *Id.* As the Ninth Circuit recognized in *Newcombe*, "[t]he language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion" to decide which option is appropriate. *Id.*

In exercising their discretion under Section 1447(e), courts consider the following factors:

> 1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citations omitted). The court need not consider all of these factors, however. *Taylor v. Honeywell Corp.*, No. C 09-4947 SBA, 2010 WL 1881459, at *2 (N.D. Cal. May 10, 2010). For example, in *Righetti v. Shell Oil Co.*, 711 F.Supp. 531, 534–35 (N.D. Cal. 1989), the court allowed joinder of a non-diverse defendant under section 1447(e) where the court found that the case was removed shortly after it was filed and no proceedings had occurred in state court, plaintiff had stated a "facially legitimate claim" against the non-diverse defendant and no prejudice would result to defendant from the joinder.

Target also points to case authority addressing "sham" defendants, that is, defendants who are disregarded for the purposes of determining whether there is diversity jurisdiction. Opposition at 4 (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). As the court in *Morris* explained, "[j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the

4

settled rules of the state.'") (quoting *McCabe v. General Food Corps.*, 811 F.2d. 1336, 1339 (9th Cir. 1987)). To establish that a defendant is a "sham defendant" the removing party "need not show that the joinder of the non-diverse party was for the purpose of preventing removal." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). "Instead, the defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Id.*

Because Chatman is not yet a defendant in this action, the "sham defendant" authority is not technically on point. Nonetheless, to the extent that Target contends Chatman is a "sham defendant" and the "sham defendant" inquiry is closely related to the question of whether Plaintiffs should be permitted to amend their complaint, the Court addresses the question of whether Chatman *would have been* a sham defendant had Plaintiffs already amended the complaint to name her as a defendant. It is clear to the Court that she would not have been.

*Vreeland v. Target Corp.*, No. C 09-5673 MEJ, 2010 WL 545840, at *1 (N.D. Cal. Feb. 11, 2010) is closely on point is. In that case, which also involved a slip and fall accident, Target removed to federal court on the basis of diversity jurisdiction and filed an answer; 16 days later, the plaintiff amended the complaint, without leave of the court, to add the non-diverse store manager. 2010 WL 545840, at *1. Target argued that the amendment was improper and that the store manager was a sham defendant. *Id.* It supplied a declaration purportedly establishing that the plaintiff was aware of the identity of the store manager almost a year earlier and pointed to the absence of any allegation that the store manager created the dangerous condition, arguing that she had "no real connection to the claim against Target." *Id.* The Court found that because the amended complaint was filed within 21 days of Target's answer and the plaintiff had not previously amended the complaint, the amendment was permissible under Rule 15(a) of the Federal Rules of Civil Procedure, which allows plaintiff to amend a complaint once as-of-right so long as the amendment is timely. *Id.*

The court in *Vreeland* went on to conclude that the plaintiff had adequately alleged negligence on the part of the store manager and therefore, that she was not a sham defendant. *Id.* at *3-4. The Court cited the following general allegations against Target and the store manager: 1)

the defendants "failed to properly maintain, control and repair the condition of th[e] floor, although they undertook to do so[ ]"; 2) the defendants "failed to warn the public of the puddle on the floor, or to cordon off the area of the floor where the puddle was, although they knew that the public would be walking on the floor in that area[ ]"; 3) "[t]here were no cones, barriers, or signs warning of the floor and puddle's hazard to the public, and this created a dangerous condition[ ]"; 4) this failure on the defendants' part was "the direct and proximate cause of the serious injuries and the resulting economic and non-economic damages sustained by [the plaintiff]." *Id.* at \*4. The court explained that these allegations were sufficient for the following reasons:

> To state a claim for negligence, "plaintiff must demonstrate that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of his or her injuries." *Morris v. De La Torre*, 36 Cal.4th 260, 264, 30 Cal.Rptr.3d 173, 113 P.3d 1182 (2005). Though "a store owner is not an insurer of the safety of its patrons, the owner does owe them a duty to exercise reasonable care in keeping the premises reasonably safe." *Ortega v. Kmart Corp*. 26 Cal.4th 1200, 1205, 114 Cal.Rptr.2d 470, 36 P.3d 11 (2001). The exercise of care requires that reasonable inspections be made. *Id*. The "care required is commensurate with the risks involved." *Id*. Thus, to establish liability, the plaintiff must prove actual or constructive knowledge of the risk. *Id*. at 1206, 114 Cal.Rptr.2d 470, 36 P.3d 11. However, an inference of negligence may be established where there has been a failure to inspect the area for an extended period of time. *Id*. at 1208, 114 Cal.Rptr.2d 470, 36 P.3d 11. Here, based on the allegations of negligence in Plaintiff's FAC and the law cited above, there is not an obvious failure to state a cause of action against Defendant Thompson, and her joinder is not fraudulent. *Morris v. Princess Cruises, Inc*., 236 F.3d at 1067. Plaintiff has alleged that Thompson had a duty to keep the floor safe and that her alleged failure to do so caused his injuries. Accordingly, Plaintiff has properly stated a claim of negligence against Thompson, and the Court finds that the joinder of Thompson was proper.

*Id.* at \*4.

The allegations in the original complaint in this case are more conclusory than those in *Vreeland*. As discussed above, however, to demonstrate that a defendant is a sham defendant, the removing party must establish not only that the plaintiff has not stated a valid claim against the non-diverse party but that "there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good v. Prudential Ins. Co. of Am*., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). Here, the opposite is true. As the allegations in *Vreeland* demonstrate, it would require only relatively generic allegations tracking the negligence standard

6

to state a claim against the store director.  Furthermore, while Target states repeatedly in its brief that Chatman was not the store director at the Pleasant Hill Target at the time the accidents allegedly occurred, they have offered no evidence whatsoever to support that representation, even though "the defendant 'is entitled to present the facts showing the joinder to be fraudulent.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d at 1067 (quoting *McCabe*, 811 F.2d. at 1339). Therefore, Target has not shown that Chatman is a sham defendant.

The Court also finds that the factors governing its exercise of discretion under 28 U.S.C. § 1447(e) support permitting Plaintiffs to amend their complaint. Although Target emphasizes Plaintiffs' delay in seeking to add Chatman to the case, they offer no evidence as to when Plaintiffs became aware of her identity or the amount of time that passed after they learned of her identity before they contacted Target's counsel to raise the issue of whether the complaint needed to be amended.  (In contrast, in *Vreeland* Target offered a declaration attesting that the plaintiff knew of the store manager's identity a year before the amendment – and even there, the court rejected Target's argument that the plaintiff had unduly delayed in amending the complaint.  2010 WL 545840, at *1.)  Further, because the case is at an early stage and no significant proceedings have occurred in the state court, the Court concludes that "unexplained delay" does not point towards denying Plaintiffs' request to amend their Complaint.  *See* as in *Righetti* v. *Shell Oil Co.*, 711 F. Supp. at 534–35. The Court also finds that Plaintiffs can state a claim against Chatman in their amended complaint, as discussed above.  Finally, given that it is undisputed that Plaintiffs raised the possibility of adding Chatman as a defendant before the case was removed, it does not appear that Plaintiffs' intent in seeking to add Chatman to the case is solely to defeat diversity.  Nor will Target be prejudiced by allowing Plaintiffs to amend the complaint to add Chatman.

7

## IV. CONCLUSION

For the reasons set forth above, the Court exercises its discretion under 28 U.S.C. § 1447(e) to GRANT the request for leave to amend and remand the case to the Contra Costa Superior Court. Because Plaintiffs did not attach a copy of the proposed amended complaint to the Motion, as required under Civil Local Rule 10-1, Plaintiffs are instructed to file their proposed amended complaint adding Chatman as a defendant within twenty-one (21) days. Upon receipt of the amended complaint, the case will be remanded to Contra Costa Superior Court. The Case Management Conference set for March 11, 2022 is vacated.

**IT IS SO ORDERED.**

Dated: March 10, 2022

JOSEPH C. SPERO
Chief Magistrate Judge